UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DALE MOSELEY,

                    Plaintiff,

        v.

WA DEPARTMENT OF CORRECTIONS,
et al.,

                    Defendants.

CASE NO. 3:16-CV-05698-BHS-JRC

ORDER DENYING MOTION FOR
RECONSIDERATION

The District Court referred this petition for a writ of habeas corpus to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local

Magistrate Judge Rules MJR3 and MJR4.

Before the Court is petitioner's motion for reconsideration of the Court's order denying

plaintiff's motion to appoint counsel (Dkt. 10). Dkt. 23. In that order, the Court found that while

plaintiff asserted that he was unable to afford counsel, that he had limited access to the law

library, and that he had limited knowledge of the law, the plaintiff had demonstrated that he was

able to adequately articulate his claims on his behalf. Dkt. 23. Further, the Court found that

plaintiff had failed to demonstrate either a likelihood of success on the merits or shown that the

issues this case presents are too complex, such that he will not be able to articulate his claims *pro se*. *Id.*

Motions for reconsideration are disfavored under the Local Rules. *See*, Local Rule 7 (h). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

As the Court explained in the original order, the Court may only appoint counsel in exceptional circumstances.  No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983))

Although plaintiff now argues that he suffers from mental health issues and that he no longer has help from other inmates in drafting motions and pleadings, Dkt. 24, the Court understands plaintiff's claims, the relief sought and he has demonstrated that he has a good grasp of basic litigation procedure, as evidenced by his filings with the Court. *See Torbert v. Gore,* 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (denying motion to appoint counsel when

1  plaintiff alleged mental illness). Further, he has not made a showing of his likelihood of success

2  on the merits. Plaintiff did not make any showing that he is likely to succeed on the merits in his

3  original motion for appointment of counsel (Dkt. 10) or in his motion for reconsideration (Dkt.

4  24).

5          Plaintiff fails to show manifest error in the prior ruling or present new facts or legal

6  authority for his position that could not have been brought to its attention earlier with reasonable

7  diligence. Plaintiff's motion for reconsideration (Dkt. 24) is denied.

8          Dated this 22nd day of November, 2016.

9

10  _____
    J. Richard Creatura

11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR
RECONSIDERATION - 3