UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DALE MOSELEY,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | CASE NO. C16-5698 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 67), and Plaintiff James Dale Moseley's ("Moseley") objections to the R&R (Dkt. 68).

On October 4, 2017, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion for summary judgment, deny Moseley's motion for summary judgment, and dismiss Moseley's claims with prejudice. Dkt. 67. On October 17, 2017, Moseley filed objections. Dkt. 68. On October 26, 2017, Defendants responded. Dkt. 69.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Moseley asserts four objections. First, Moseley argues that Judge Creatura failed to acknowledge any of the evidence establishing that Moseley did not participate in the maximum custody placement hearing. Dkt. 68 at 2. Moseley, however, does not have a right to participate in all classification hearings. Instead, the Court must consider whether the particular confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Judge Creatura recommends concluding that Moseley is not subject to an atypical and significant hardship. Dkt. 67 at 5. The Court agrees, and, therefore, neither the Court nor Judge Creatura needs to consider the second question of "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Second, Moseley argues that solitary confinement exacerbates his mental health issues. Dkt. 68 at 3–4. Defendants contend that this is beyond the scope of the complaint because Moseley did not grieve or include any claim based on the lack of proper medical care. Dkt. 69 at 2. The Court agrees and concludes that Moseley's objection is beyond the scope of the instant matter.

Third, Moseley argues that Defendants violated his rights by basing the maximum custody determination on evidence provided during the initial custody determination. Dkt. 68 at 3. This objection is similar to the first issue, and Moseley fails to show that his maximum custody confinement is an atypical and significant hardship.

Fourth, Moseley argues that the Court has recognized that he was not given a chance to contest his current confinement. Dkt. 68 at 5. The Court does recognize this fact. Moseley, however, has failed to show that he has a right to present testimony at a maximum confinement hearing. Therefore, the Court having considered the R&R, Moseley's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Moseley's motion for summary judgment is **DENIED**;

(3) Defendants' motion for summary judgment is **GRANTED**;

(4) Moseley's claims are **DISMISSED with prejudice**;

(5) Moseley's *in forma pauperis* status is **REVOKED**; and

(6) The Clerk shall enter **JUDGMENT** for Defendants and close this case.

Dated this 4th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge